**Franklin J. WELCH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74620.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON and TALLMAN, Circuit Judges.

## MEMORANDUM **

Franklin J. Welch, a native and citizen of Belize, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reconsider. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition for review.

■ Even construed liberally, Welch's pro se brief does not challenge the BIA's determination that the motion to reconsider exceeded the numerical limits of 8 C.F.R. § 1003.2(b)(2). Accordingly, Welch has waived any challenge to the BIA's denial of his second motion to reconsider. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ We lack jurisdiction to review Welch's contention that the BIA improperly applied the definition of aggravated felony retroactively because Welch did not timely petition for review of the BIA's April 12, 2004, order denying his first motion to reopen and reconsider or the BIA's

Franklin J. Welch, Lancaster, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

February 24, 2004, order affirming without opinion the immigration judge's order of removal. *See id.* at 1258 (holding that alien's filing of motion to reopen and reconsider did not toll statutory time in which he could appeal underlying final order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**